UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**

**Grand Jury Sworn in on April 30, 2026**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.** |
| **v.** | **MAGISTRATE NO. 26-mj-00097** |
| **MALIKTRA DERENORCOURT,** | **VIOLATION:** **18 U.S.C. § 1343 (Wire Fraud)** |
| **Defendant.** | **FORFEITURE ALLEGATION: 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)** |

## INDICTMENT

The Grand Jury charges that, at times material to this Indictment, on or about the dates and times listed below:

### BACKGROUND

1. **MALIKTRA DERENORCOURT** (**"DERENORCOURT"**) was a resident of the District of Columbia.

2. Maren is an apartment building located at 71 Potomac Avenue, Southeast, Washington, DC, 20003 owned by Riverfront Holdings II, LLC.

3. Yardi Systems Inc. was the owner of RentCafe and had internet servers located in Dallas, Texas that received rental applications from the RentCafe portal.

4. Blue Moon e-signature Services provided e-signature verification services for lease contracts.

5. Maren used RentCafe and Blue Moon e-signature Services to facilitate the execution of rental applications and lease contracts.

## COUNT ONE

6. Paragraphs 1 through 5 are realleged here.

## THE SCHEME TO DEFRAUD

7. Beginning on or about June 8, 2025, and continuing until the present, in the District of Columbia and elsewhere, the defendant, **DERENORCOURT**, did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain a leasehold on apartment 610 located at 71 Potomac Ave SE, Washington, DC, 20003 otherwise known as the "Maren" (hereinafter the "Maren apartment") by means of materially false and fraudulent pretenses, representations, and promises, specifically, **DERENORCOURT** knowingly used a fraudulent Social Security Number not issued by the government of the United States on a lease application for the Maren apartment.

## PURPOSE OF THE SCHEME

8. It was the purpose of the scheme for **DERENORCOURT** to obtain a 14-month leasehold with the Maren to live in the Maren apartment and use it for her own housing and other purposes.

## MANNER AND MEANS

9. The manner and means by which **DERENORCOURT** carried out the scheme included, but was not limited to, the following:

a. Submitting an apartment lease application for the Maren apartment using her own name and a fraudulent Social Security Number not issued by the United States government to conceal her true background and relevant credit and employment history;

b. Signing a lease contract based on the fraudulently submitted lease application; and

c. Submitting a fraudulent document purporting to represent her rental history.

## ACTS IN FURTHERANCE OF THE SCHEME

10. On June 8, 2025, **DERENORCOURT** submitted, or caused to be submitted, a 14-month lease application for the Maren apartment to Riverfront Holdings II, LLC, the owner of Maren. The lease application contained a fabricated Social Security Number ending in the digits -4129. This fabricated Social Security Number was not issued by the United States Government to any individual. **DERENORCOURT's** authentic Social Security Number does not end in -1738.

11. In addition to the application, on June 12, 2025, **DERENORCOURT** also caused to be electronically delivered to Riverfront Holdings II, LLC, a Rental History Verification Form fraudulently alleging that she had previously resided in Buda, Texas when **DERENORCOURT** has never resided in Texas.

12. On June 12, 2025, **DERENORCOURT** signed a lease contract for the Maren apartment based on the lease application previously submitted. In that lease, **DERENORCOURT** agreed to pay $2,771 per month in rent. As of the beginning of June 2026, **DERENORCOURT's** lease of the Maren apartment was $30,537.93 in arrears.

13. On or about the dates set for below, in the District of Columbia and elsewhere, **DERENORCOURT**, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowingly and intentionally transmitted and

caused to be transmitted signals by means of the following wire communications in interstate commerce:

| Count | Approximate Dates | Description |
|---|---|---|
| 1 | June 8, 2025 | **DERENORCOURT** sent, or caused to be sent, the rental application for the Maren apartment through the online web portal RentCafe, which is owned by Yardi Systems whose internet servers are located in Dallas, Texas. |

(**Wire Fraud,** in violation of Title 18, United States Code, Section 1343)

## FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count One of this Indictment, the defendant, **DERENORCOURT**, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in an amount equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture,** pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

A TRUE BILL:

By: Christine M. Macey
CHRISTINE M. MACEY
Assistant United States Attorney

FOREPERSON.